IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs January 10, 2017

**STATE OF TENNESSEE v. ANTONIO BRADEN**

**Appeal from the Circuit Court for Williamson County**
**No. II-CR012317   James G. Martin, III, Judge**

_____

**No. M2016-00992-CCA-R3-CD**

_____

Petitioner, Antonio Braden, appeals from the denial of his Tennessee Rule of Criminal Procedure 36.1 motion alleging that his sentence is illegal because the trial court erred by applying enhancement factors and sentencing him four years "beyond the statutory minimum." Following our review, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, and ROBERT L. HOLLOWAY, JR., JJ., joined.

Antonio Braden, Only, Tennessee, *Pro Se*.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Counsel; and Kim R. Helper, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Background*

Following a jury trial, Petitioner was convicted of attempted second-degree murder. He received a sentence of twelve years in the Department of Correction as a Range I standard offender. This Court affirmed the judgment on direct appeal. *State v. Antonio Braden*, No. M2007-02544-CCA-R3-CD, 2008 WL 4735443 (Tenn. Crim. App. Oct. 27, 2008). On March 7, 2016, Petitioner filed a "MOTION TO CORRECT ILLEGAL SENTENCE & APPOINTMENT OF COUNSEL TO REPRESENT PETITIONER." In his motion Petitioner alleged that his twelve-year sentence was illegal because the trial court erroneously applied enhancement factors to his sentence after the State failed to file a statutorily required notice to seek enhanced punishment ten days

before trial. *See* T.C.A. § 40-35-202(a). The trial court summarily denied Petitioner's motion.

*Analysis*

Tennessee Rule of Criminal Procedure 36.1 provides, in part:

> (a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.
> (b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

Therefore, pursuant to Rule 36.1, a defendant would be entitled to a hearing and the appointment of counsel if he or she stated a colorable claim for relief. Tenn. R. Crim. P. 36.1(b). Prior to the adoption of Rule 36.1, a defendant generally had to seek relief from an illegal sentence through post-conviction or habeas corpus proceedings. *See Cantrell v. Easterling*, 346 S.W.3d 445, 453 (Tenn. 2011).

The Tennessee Supreme Court has stated that a colorable claim pursuant to Rule 36.1 is a "claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015). As noted above, Rule 36.1 defines an illegal sentence as "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). Our supreme court has stated:

> Sentencing errors fall into three categories - clerical errors, appealable errors, and fatal errors. Only fatal errors render sentences illegal. Clerical errors "arise simply from a clerical mistake in filling out the uniform judgment document" and may be corrected at any time under Tennessee Rule of Criminal Procedure 36. The second category - appealable errors - consists of "those errors for which the Sentencing Act specifically provides a right of direct appeal." Included in this category are claims "akin to . . . challenge[s] to the sufficiency of the evidence

supporting a conviction," such as claims that the record does not support the trial court's factual findings regarding sentencing. *Claims of appealable error generally involve attacks on the correctness of the methodology by which a trial court imposed sentence.* The final category is fatal errors, and these errors are "so profound as to render the sentence illegal and void." This category consists of any sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Included in this category are sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses.

*Wooden*, 478 S.W.3d at 595 (citations omitted)(emphasis added).

Petitioner in this case argues that the trial court improperly denied his motion to correct an illegal sentence under Tenn. R. Crim. P. 36.1. He contends that the State failed to timely file its notice of intent to seek enhanced punishment and therefore, the trial court erred by applying enhancement factors to his sentence and ordering him to serve twelve years for attempted second degree murder, four years above the statutory minimum sentence. It appears that Petitioner is relying on T.C.A. § 40-35-202 in support of his claim, which states:

(a) If the district attorney general believes that a defendant should be sentenced as a multiple, persistent or career offender, the district attorney general shall file a statement thereof with the court and defense counsel not less than ten (10) days before trial or acceptance of a guilty plea; provided, that notice may be waived by the defendant in writing with the consent of the district attorney general and the court accepting the plea. The statement, which shall not be made known to the jury determining the guilt or innocence of the defendant on the primary offense, must set forth the nature of the prior felony convictions, the dates of the convictions and the identity of the courts of the convictions. The original or certified copy of the court record of any prior felony conviction, bearing the same name as that by which the defendant is charged in the primary offense, is prima facie evidence that the defendant named in the record is the same as the defendant before the court, and is prima facie evidence of the facts set out in the record.

(b) In all cases following a finding of guilt, the court may require that:

(1) The district attorney general file a statement with the court setting forth any enhancement or mitigating factors the district attorney general believes should be considered by the court; and

(2) The defendant file a statement with the court setting forth all mitigating factors known to the defendant and indicating any mitigating factors the defendant believes should be considered by the court.

T.C.A. § 40-35-202.

As stated by the trial court, Petitioner was not sentenced as a multiple, persistent or career offender. He was sentenced as a Range I standard offender. Therefore, T.C.A. § 40-35-202(a) has no application to Petitioner's case, and his sentence is not illegal. *See State v. Teresa Turner*, No. M2013-00827-CCA-R3-CD, 2014 WL 310388 (Tenn. Crim. App. Jan. 29, 2014)("[T]he Defendant was not sentenced as a multiple[,] persistent[,] or career offender but as a standard offender. Therefore the rule and statute upon which the Defendant relies is inapplicable to this case."). The record reflects that the State filed a proper notice of enhancement factors after Petitioner was convicted and prior to sentencing. T.C.A. § 40-35-202(b)(1).

Petitioner has not presented a colorable claim in his motion, and he is not entitled to relief under Rule 36.1.

## CONCLUSION

Having carefully reviewed the record before us and the briefs of all the parties, we find no error and affirm the trial court's denial of Petitioner's motion.

_____
THOMAS T. WOODALL, PRESIDING JUDGE

- 4 -